Just compensation; emotion from concession area; restitution; inverse condemnation. — This is an inverse condemnation case in which, plaintiff seeks just compensation for improvements made on Government land and for the loss of rights plaintiff held with respect to such land as a subconcessionaire. On February 1, 1974 the court issued the following order:
Before Davis, Judge, Presiding, Skelton and Nichols, Judges.
This case comes before the court having been submitted on plaintiff’s exceptions to the recommended decision filed February 8, 1973, by Trial Judge Joseph V. Colaiamii pursuant to Rule 134(h) together with the briefs and oral argument of counsel. Upon consideration thereof, since the court agrees with the trial judge’s opinion, findings and recommended conclusion, copies of which have been furnished to the parties, it hereby affirms and adopts the same, together with the court’s' following supplement and comments thereto, as the basis for its judgment in this case:
1. With respect to plaintiff’s flat claim for judgment on the ground of the Court of Appeals’ reversal of the District Court’s granting of summary judgment in favor of the Government, we point out that (a) the execution by the Federal Government of the ejectment judgment pending the appeal was wholly lawful and proper; (b) the Court of Appeals did not direct judgment on the merits in favor of the present plaintiff but simply ordered that a trial should be had to determine whether the Government had title to and right to possession of the land in dispute; and (c) contrary to the plaintiff’s contention, there is no rigid rule that restitution must automatically follow upon the reversal of a judgment in favor of the other party, no matter what the circumstances or the ground of the reversal or the issues left unresolved by the appellate ruling or the further proceedings which are to be had. In the present case, an award by this court of judgment on the ground of restitution would not end' the matter. If we were to accept plaintiff’s position that he is *747 now entitled to judgment, simply by way of restitution, regardless of whether the United States owned and had the right to possess the land, the United States could immediately bring suit in the District Court to recover the amount of our judgment. Probably the United States could have counterclaimed in the present suit to recover any sum awarded to plaintiff. In these circumstances, the Trial Judge correctly ruled that it was appropriate and desirable to decide the merits of the case, and thus end the controversy as quickly as possible without needless additional litigation. Neither the RestatemeNt oe Restitution nor the authorities cited by plaintiff suggest that this sensible solution cannot be adopted in these circumstances.
2. We cannot accept plaintiff’s argument that the County of Mendocino never obligated itself to the Federal Government to complete development of the various areas by designated times. The license together with the Master Plan (and its accompanying map) make it clear that the county did undertake and obligate itself to construct the improvements in the specified areas within prescribed peiiods (which were not met). Paragraphs 1, 3, and 6 of the license required the county to administer, develop and maintain the property in accordance with the Master Plan; indeed, paragraph 6 called upon the county to “prosecute its program to completion in an orderly maimer and at a rate consistent with the needs of the public and hi accordance with” the Master Plan. The latter instrument (in paragraphs 8 a, c, d, 9, and 11) shows that the county did enter into a specific undertaking and assume responsibility for the project, and that the- Federal Government so understood. In particular, paragraph 8 o declared that the county had adopted a resolution “accepting the responsibility for formulatinng and developing a recreational program at the Russian River (Coyote Valley) Reservoir. Under a license agreement (copy included), the District Engineer will assign the active responsibility for development and management of the recreational potential of the Russian River (Coyote Valley) Reservoir project to Mendocino County”; paragraph 8 d provided that “the licensee [the county] will lease the project lands on a non *748 profit basis and acquire rights to design, construct and maintain essential facilities in furtherance of a public recreational program.” The time element was inserted by paragraph 11 which referred to the map attached to the county’s formulation of its plan; this map clearly showed the time stages for development and instruction (see finding 4(c)). The Master Plan and its map, which were not before the Court of Appeals for the Ninth Circuit, adequately fill in the gaps in the proof which that court found.
it is theeefoee ordered that plaintiff is not entitled to recover and the petition is dismissed.